ORDER

Appellant in this case is a minor sentenced to 40 days in the Hopi Jail for two counts of Sexual Conduct with a Minor in *418 violation of Hopi Ordinance 21, Section 3.3.11 in October, 2000. Appellant appeals from the Children’s Court’s denial of his motion to set aside the disposition of jail time. The notice of appeal, filed on May 16, 2001, alleged that 1) the Children’s Court erred in imposing a sentence that exceeded the limits contained in Hopi Ordinance 35, and 2) the sentence constituted eruel and unusual punishment.[1]
On August 15, 2001, this Court ordered Appellant to file a brief within 10 days or else the appeal would be dismissed. Pursuant to this order and the subsequent failure of Appellant to file a brief,
This appeal is hereby DISMISSED.

. Although this appeal must be dismissed on procedural grounds, this Court acknowledges that Appellant has raised troubling claims regarding incarceration of juveniles in the Hopi Jail. Hopi Ordinance 35, Ch. 6, Sec. I, part (3)(b)(iv) provides for commitment of a juvenile to a facility that meets accepted standards o( care and treatment for juveniles. Federal law, which controls much of the funding for Indian detention facilities, mandates that juveniles be segregated from adults and that they be provided with the necessities for daily living and adequate rehabilitation. 18 Ü.S.C. § 5309 (2001). The record in this case suggests that Appellant may not have been completely segregated from adult prisoners during his sentence. Furthermore, the record indicates that Appellant's rehabilitative services were provided by outside agencies and that his incarceration was unrelated to his rehabilitation. Some courts have held that confinement without treatment is cruel and unusual punishment because it is not sufficiently related to the rehabilitative goals of the juvenile justice system. Rust v. State, 582 P.2d 134 (1978). These possibilities seem to suggest that Hopi Jail is not an appropriate detention facility for juvenile offenders.